**NOT FOR PUBLICATION**

**FILED**
JAMES J. WALDRON, CLERK

**NOV. 30, 2011**

U.S. BANKRUPTCY COURT
NEWARK, N.J.

BY: s/ Ronnie Plasner, DEPUTY

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In Re: | Case No.: 11-19030 (DHS) |
| **SALVATORE CANDELA,** | Adv. No.: 11-02066 (DHS) |
| Debtor. | Judge: Hon. Donald H. Steckroth |
| **JACQUELINE CRANE,** | |
| Plaintiff, | |
| v. | |
| **SALVATORE CANDELA,** | |
| Defendant. | |

**OPINION**

1

**APPEARANCES:**

Klein & Radol, LLC
Roger B. Radol, Esq.
15 Engle Street, Suite 102
Englewood, New Jersey 07631
*Counsel for Plaintiff*

Robert A. Drexel, Esq.
21 Main Street
East Wing, Suite 304
Hackensack, New Jersey 07601
*Counsel for Debtor-Defendant*

**THE HONORABLE DONALD H. STECKROTH, BANKRUPTCY JUDGE**

Before the Court is a motion by the Debtor-Defendant Salvatore Candela ("Debtor") to dismiss an adversary complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure12(b)(6), made applicable through Federal Rule of Bankruptcy Procedure 7012. Plaintiff Jacqueline Crane, the Debtor's former wife ("Plaintiff"), responds with a cross-motion for summary judgment seeking to determine the nondischargeability of attorneys' fees awarded in connection with a domestic violence action against the Debtor.  The Plaintiff alleges that the Debtor harassed and threatened her in violation of a property settlement agreement incorporated into their divorce decree and that she was awarded attorney's fees by the state court.  She now seeks a determination that the fee award falls within the scope of sections 523(a)(5) or 523(a)(15) as an exception to discharge.

For the reasons that follow, the Court will grant the Debtor's motion to dismiss.  The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 157(a), and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).  Venue is proper under 28 U.S.C. § 1409(a).  The following shall constitute the Court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

**FACTS AND PROCEDURAL HISTORY**

The Plaintiff and the Debtor were divorced by a Final Judgment of Divorce entered March 20, 2009 in the Superior Court of New Jersey.  The Judgment of Divorce incorporated the terms of a property settlement agreement between the parties.  Pursuant to the property settlement agreement, the Plaintiff and the Debtor "agree that neither party shall bother, annoy, or harass the other party, and that each party shall be free from interference by the other." (Pl.'s

Compl., Ex. B at p. 2) The property settlement agreement includes a "hold-harmless" clause which reads, in pertinent part:

> [I]n the event one party breaches a provision of this [a]greement and the other party is compelled to seek Court intervention for enforcement, the breaching party shall be responsible for the non-breaching party's counsel fees and costs if the non-breaching party is successful on the merits.
>
> The parties shall strive to resolve any disputes concerning this [a]greement between themselves before resorting to a Court of competent jurisdiction.  If the parties are unable to resolve their disputes without Court intervention and should either party fail to abide by the terms of this [a]greement, then the defaulting party will indemnify and hold the other harmless for all reasonable expenses and costs including attorneys' fees[.]

(*Id.*, Ex B. at p. 28)

On July 28, 2010, after an oral altercation with the Debtor over the telephone, the Plaintiff filed a domestic violence complaint against the Debtor in New Jersey Superior Court; alleging, among other things, harassment, terroristic threats, and violations of the property settlement agreement.  The Plaintiff admits that she did not attempt to resolve the dispute with the Debtor prior to filing the complaint.  Six months later, the Superior Court entered a Final Restraining Order, pursuant to New Jersey's Prevention of Domestic Violence Act, N.J.S.A. 2C-25:17 *et seq.*, which (1) held the Debtor's conduct violated New Jersey statutory law and (2) awarded attorneys' fees to the Plaintiff in the amount of $25,000, made payable directly to Plaintiff's counsel.[1]

---

[1] The Superior Court found the Debtor guilty of harassment, pursuant to N.J.S.A. 2C:33-4(a), and making terroristic threats, pursuant to N.J.S.A. 2C:12-3(b).

On March 25, 2011, the Debtor filed his voluntary petition for relief under chapter 7 of the Bankruptcy Code. The fees awarded in the above action were scheduled as dischargeable on the Debtor's petition. On June 29, 2011, the Plaintiff timely filed the instant two-count adversary complaint. Count One seeks to determine the nondischargeability of the fee award pursuant to sections 523(a)(5) and 523(a)(15) while Count Two seeks fees and costs in connection with the instant matter. The Debtor moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The Plaintiff filed opposition to the Debtor's motion to dismiss and cross-moved for summary judgment.

## DISCUSSION

### I.      Failure to State a Claim Standard

On a motion to dismiss, the Court will "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (citation and quotations omitted). The Complaint must express factual allegations sufficient "to raise the right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The Court's review is limited to "allegations contained in the complaint, exhibits attached to the complaint, matters of public record, [and] . . . concededly authentic document[s] upon which the complaint is based when the defendant attaches such document[s] to its motion." *Pension Benefit Guar. Corp. v. White Consol. Indus.,* 998 F.2d 1192, 1196 (3d Cir. 1993).

5

**II.    Nondischargeability Under § 523(a)(5)**

The Bankruptcy Code, pursuant to section 523, holds that certain debts are excepted from a debtor's discharge. Nondischargeable debts have potential to frustrate an overriding goal of bankruptcy law by interfering with the debtor's "fresh start." As a consequence, courts generally construe the provisions of section 523 "strictly against the objecting creditor and liberally in favor of the debtor." *Prensky v. Clair Greifer LLP*, No. 09-6200, 2010 U.S. Dist. Lexis 66181 (D.N.J. June 30, 2010) (citing *Ins. Co. of N. Am. v. Cohn (In re Cohn)*, 54 F.3d 1108, 1113 (3d Cir. 1995)) *aff'g* 416 B.R. 406 (Bankr. D.N.J. 2009). The party seeking nondischargeability has the burden of proving, by a preponderance of the evidence, that the debt is not subject to discharge. *In re Maurice G. Crosswhite*, 148 F.3d 879, 881 (7th Cir. 1998). The policy favoring the debtor is relaxed, however, where the relevant debt is rooted in a divorce or separation agreement. *Id.*; *see Prensky*, 2010 U.S. Dist. Lexis at *8-9. Such debts may be subject to nondischargeability under sections 523(a)(5) and 523(a)(15).

The First Count of Plaintiff's complaint sets forth a cause of action for nondischargeability pursuant to section 523(a)(5). Section 523(a)(5) excepts from discharge any debt for a domestic alimony, maintenance, or support obligation, a defined term under the Code. 11 U.S.C. § 523(a)(5). Section 101(14A) provides, in relevant part, that a domestic support obligation means,

> a debt that accrues before, on, or after the date of the order for relief in a case under this title . . . that is—
> (A) owed to or recoverable by-
>   (i) [a] former spouse[;]
> (B) in the nature of alimony, maintenance, or support . . . of such [] former spouse . . . without regard to whether such debt is expressly so designated;
> (C) established . . . before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of—

6

> (i) a separation agreement, divorce decree, or property settlement agreement; [or]
> (ii) an order of the court of record[.]

11 U.S.C. § 101(14A).

Whether a debt is in the nature of "alimony, maintenance or support within the meaning of section 523(a)(5) is a question of federal bankruptcy law," though state law is relevant to the analysis. *Duffy v. Taback (In re Duffy)*, 344 B.R. 237, 242 (S.D.N.Y. 2006). Courts are not bound by the language of an agreement or decree; they should disregard form and evaluate the substance of the obligation. *Gianakas v. Gianakas (In re Gianakas)*, 917 F.2d 759, 762 (3d Cir. 1990). It is clear an award of attorneys' fees can "be an aspect of a domestic support obligation and, therefore, nondischargeable pursuant to [section 523(a)(5)]." *Clair Griefer LLP v. Prensky (In re Prensky)*, 416 B.R. 406, 409 n. 4 (Bankr. D.N.J. 2009). The true nature of an obligation under a settlement agreement turns on the parties' intent at the time of execution. *Gianakas*, 917 F.2d at 762. The Third Circuit examines three indicators to determine the nature of an obligation: (1) "the language and substance of the agreement in the context of surrounding circumstances;" (2) "the parties' financial circumstances at the time of the settlement;" and (3) "the function served by the obligation at the time of a divorce or settlement." *Id*. at 762-63; *Verdini v. Poirier (In re Verdini)*, No. 1-05-bk-00806, 2005 Bankr. Lexis 2867 at *9 (M.D. Pa. December 2, 2005). The inquiry is substantially the same when construing a state court order or decree. *See Young v. Young (In re Young)*, 35 F.3d 499, 501 (10th Cir. 1994). In *Young*, the Tenth Circuit found the basic inquiry was (1) what the court intended in entering the decree and (2) "whether the evidence adduced in support of the decree justifies that court's characterization . . . ." *Id*.

The matter before the Court is clearly outside the boundaries of section 523(a)(5). The state court awarded attorney fees, not in connection with a support obligation, but as an element of compensatory damages resulting from violations of statutory law prohibiting harassment and terroristic threats. (Def.'s Counter Statement of Facts and Legal Argument, Ex. E at pp. 6, 11-12) Specifically, the state court found that "the statute provides that counsel fees are . . . available as . . . compensatory damages when domestic violence occurs . . . I find that domestic violence occurred and . . . that the legal fees that the [P]laintiff incurred . . . were a result of that." (*Id.*, Ex. E at p. 11) Clearly, the debt is not "derived from [the Debtor's] duty to provide for the well-being of [a] . . . former spouse," but rather, was imposed to acknowledge the harm to the Plaintiff and the wrongful acts of the Debtor. 4 COLLIER ON BANKRUPTCY ¶ 523.11[5] (Alan N. Resnick and Henry J. Sommer eds., 16th ed.). Section 523(a)(5) simply does not apply to the facts before the Court and the claim shall be dismissed.

### III.    Nondischargeability Under § 523(a)(15)

The First Count also pleads a cause of action pursuant to section 523(a)(15). Section 523(a)(15) provides that an individual debtor is not discharged from any debt,

> to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit[.]

11 U.S.C. § 523(a)(15).

Amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub. L. 109-8, 119 Stat. 23 (Apr. 20, 2005), section 523(a)(15)'s scope was significantly increased to recognize that "economic protection of dependent spouses and children under state law is no longer accomplished solely through the traditional mechanism of support

8

and alimony payments."[2]  4 COLLIER ON BANKRUPTCY ¶ 523.23 (Alan N. Resnick and Henry J. Sommer eds., 16th ed.).  Nevertheless, the provision does not encompass all debts that may arise in the course of marital or other domestic relationships.  Section 523(a)(15) is specific.  It renders a debt nondischargeable upon a showing of three criteria: (1) the debt is owed to "a spouse, former spouse, or child of the debtor;" (2) the debt is not a domestic support obligation; and (3) the debt was "incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record[.]"  11 U.S.C. § 523(a)(15); *see Golio v. Golio (In re Golio)*, 393 B.R. 56, 62 (E.D.N.Y. 2008).  Commonly, this provision determines the dischargeability of debts arising out of property settlement agreements, as is the case *sub judice*, rather than support obligations.  *Id.*

Here, the Plaintiff is the Debtor's former spouse seeking the nondischargeability of attorney's fees awarded in a post-divorce domestic violence action.  In support of her position, Plaintiff relies on Judge Kaplan's decision in *Clair Griefer LLP v. Prensky (In re Prensky)*, 416 B.R. 406 (Bankr. D.N.J. 2009), as well as the Court's decision in *Einhorn v. Hernandez*, No. 10-1283, 2010 WL 2867697 (Bankr. D.N.J. July 20, 2010).  Each of these cases hold that an award for legal fees incurred in a matrimonial action and made payable directly to a former spouse's counsel were nondischargeable pursuant to section 523(a)(15).  The Plaintiff argues there is no meaningful distinction between *Prensky*, *Hernandez*, and the case at bar since each awarded the fees directly to counsel, and thus, the Debtor's obligation to pay her attorney's fees is nondischargeable.  This case is distinguishable for other reasons, however.

The Court is not aware of a case applying section 523(a)(15) in the context of a post-divorce domestic violence action.  As a threshold matter, courts construing section 523(a)(15)

---

[2] BAPCPA removed from section 523(a)(15) "the requirement that the debtor have an "ability to pay" the

appear to require that the debt be "incurred . . . in the course of a divorce proceeding, [in connection with a separation agreement or divorce decree], [] imposed by a court of record in that proceeding, and [] not qualify as alimony, maintenance or support within the scope of § 523(a)(5)." *Ruhlen v. Montgomery (In re Montgomery)*, 310 B.R. 169, 176 (C.D. Cal. 2004) (citing *Jodoin v. Samayoa (In re Jodoin)*, 209 B.R. 132, 139 (9th Cir. BAP 1997)). While BAPCPA "removed the balancing of hardships exception under this provision," it did not "expand the [provision] to include debts owed . . . to a former spouse that were not incurred in the course of dissolution of their marital relationship." *Tracy v. Tracy (In re Tracy)*, No. 06-40044, 2007 Bankr. Lexis 360 at *6 (Bankr. D. Idaho February 2, 2007) (internal quotation marks omitted); *see Lavergne v. Lavergne (In re Lavergne)*, No. 10-35898, 2011 Bankr. Lexis 1823 at *8 (Bankr. D.N.J. May 17, 2011) ("[section 523(a)(15)] is broader than § 523(a)(5), and is intended to cover any *matrimonial* debts that should not justifiably be discharged.") (emphasis added); *see also* 1 COLLIER FAMILY LAW AND THE BANKRUPTCY CODE ¶ 6.07A[2][a] ("[section 523(a)(15)] applies only to debts incurred in a divorce or separation . . . ."); *see also* 4 COLLIER ON BANKRUPTCY ¶ 523.23 (Alan N. Resnick and Henry J. Sommer eds., 16th ed.) ("[s]ection 523(a)(15) now provides, unqualifiedly, that a property settlement obligation encompassed by section 523(a)(15) is nondischargeable.").

    Here, the attorney fee award arises from a non-matrimonial action commenced more than one year after the entry of a divorce decree. Nothing in section 523(a)(15) suggests that nondischargeability should be applied to all debts that may arise out of family court actions between former spouses. A review of the case law under section 523(a)(15) leaves little doubt that the statute is generally concerned with debts attending marital and parental relations, chiefly,

---

debt, thereby no longer conditioning the discharge of debts of the nature described in section 523(a)(15) upon the

10

the economic aspects of those relationships. *See Crosswhite*, 148 F.3d at 882 ("this section is intended to cover divorce-related debts[.]"). Domestic violence law, on the other hand, is not limited to spousal or parental relationships, nor is its primary design to achieve economic fairness between parties. Accordingly, in drafting section 523(a)(15), Congress could not have assumed that debts arising out of criminal acts between former spouses were within the confines of the statute. In fact, the legislative history reveals that the section was drafted to account for "debts arising out of a divorce decree or separation agreement that are not in the nature of alimony, maintenance or support." H.R. Rep. No. 103-835, at 54 (1994). Section 523(a)(15) was enacted, and subsequently amended, to keep pace with evolving practices in providing economic protection for spouses and other dependents. *See Prensky*, 416 B.R. at 410; *see also Golio*, 393 B.R. at 61. Still, the Plaintiff asserts that the fee award is nonetheless nondischargeable pursuant to the terms of a property settlement agreement executed between the parties and integrated into their divorce decree. Thus, the property settlement agreement must be considered.

It is well settled that debts arising out of property settlement agreements are within the ambit of section 523(a)(15). *See Crosswhite*, 148 F.3d at 882; *see also* 4 COLLIER ON BANKRUPTCY ¶ 523.23. Here, the parties agree that the terms of the property settlement agreement prohibit harassment and provide for indemnification of any expenses incurred by the non-breaching party seeking to enforce the agreement. (Pl.'s Compl., Ex. B at p. 2, 28) However, the agreement contains a simple condition precedent to indemnification that requires the parties to "strive to resolve any disputes concerning [the] [a]greement between themselves before resorting to a Court of competent jurisdiction." *Id*. The Plaintiff concedes that neither

---

Debtor's ability to pay." *Prensky*, 416 B.R. at 409.

she nor her attorney made any attempt to resolve the matter outside of court, but argues instead that the Debtor's actions precluded her from doing so. However, there is nothing before the Court to suggest that a simple telephone call or letter from her counsel to strive to resolve the dispute or settle emotions could not have been made. Though failure of a condition precedent is not an immutable bar to liability under contract law, a mere conclusory assertion of impossibility is insufficient to excuse the non-performing party. *Gen. Datacomm. Indus. v. Arcara (In re Gen. Datacomm. Indus.)*, 309 B.R. 848, 853 (D. Del. 2003); *see Allstate Redevelopment Corp. v. Summit Assocs.*, 206 N.J. Super. 318, 324 (App. Div. 1985) (performance of a condition precedent may be excused in certain circumstances). Based on the record, the Court declines to waive the condition and must enforce the agreement according to its terms.

As a result, the Court finds that section 523(a)(15) does not provide for the nondischargeability of attorneys' fees in the present matter. As a result, the First Count of the complaint fails to state a claim pursuant to sections 523(a)(5) and 523(a)(15) of the Bankruptcy Code and shall be dismissed.

## **CONCLUSION**

For the reasons stated herein, the Debtor's motion to dismiss is granted. The fee award, granted in a post-divorce domestic violence proceeding, under the facts of this case, lies beyond the purview of sections 523(a)(5) and 523(a)(15). The Second Count of the complaint seeking fees and costs in connection with the instant action is denied. Plaintiff's cross-motion for summary judgment is denied.

An Order in Conformance with this Opinion has been entered by the Court and is attached hereto.

                                                                           *s/ Donald H. Steckroth*
                                                                          DONALD H. STECKROTH
                                                                          UNITED STATES BANKRUPTCY JUDGE

Dated: November 30, 2011